238 July 1, 2026 No. 628

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSE ANTONIO MERINO-PENA,
*Defendant-Appellant.*

Washington County Circuit Court
22CR61163; A185154

Erik M. Buchér, Judge.

Submitted May 12, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Defendant appeals from a judgment of conviction, after a bench trial, of two counts of sexual abuse of a minor, ORS 163.427. In a single assignment of error, defendant challenges the trial court's admission of a video of the victim's recorded CARES Northwest (CARES) forensic interview over defendant's pretrial motion to exclude it under OEC 403,[1] arguing that the CARES interview was "unduly prejudicial and needlessly cumulative," and that "[t]he trial court overvalued the relevance of the interview and undervalued its prejudice." We review the trial court's determination under OEC 403 for an abuse of discretion, *State v. Travis*, 320 Or App 460, 461-62, 513 P3d 614 (2022), and conclude that the trial court properly exercised its discretion when it concluded that the CARES interview was not cumulative but that if there were cumulative aspects to the evidence, the probative value of the evidence was not substantially outweighed prejudice or "by considerations of * * * needless presentation of cumulative evidence" under OEC 403.

The child victim, G, reported the alleged abuse by defendant to her babysitter, who then reported it to the child's mother. The babysitter and G's mother filed a police report, and G was interviewed by CARES. G reported in the forensic interview that defendant's abuse of her occurred when she was between age seven and nine, "somewhere around there." She told the interviewer that defendant abused her in the family's living room, while she was watching cartoons and her parents were asleep in the bedroom. She told the interviewer that defendant would unbutton her pants and touch her vagina. G also described an incident in which defendant brought her to a bedroom, "squished" his penis until he ejaculated, made her touch his penis, and attempted to rape her.

G also testified at trial. Her testimony differed slightly from her statements during the forensic interview.

---

[1] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

She identified defendant and testified that the abuse occurred when she was between eight and 10 years old, and that defendant would unbutton her pants and touch her vagina, on top of and under her clothes. G testified that on one occasion, defendant attempted to have sex with her. She denied, however, that defendant ever made her touch his penis. At trial, a police officer testified to an interview with defendant in which defendant denied having touched G inappropriately.

As noted above, defendant sought to exclude the CARES interview recording, contending that, with some slight variations, the interview was cumulative of G's trial testimony, and that the probative value of the evidence was outweighed by the prejudice of simply reiterating the same statements. The state responded that the interview was not cumulative, because it demonstrated G's consistent reporting over time and built G's credibility.

The trial court rejected defendant's motion to exclude the CARES interview. The court concluded that the interview had high probative value. The court further explained that, although the interview may have been consistent with G's testimony in most respects, it was not cumulative, because, as a forensic interview by a trained professional it was of a different type than G's trial testimony, which "shows something else." The court agreed with the state that the interview showed consistency in G's reporting and was relevant to the state's burden of proof. The court also concluded that the evidence was admissible hearsay under OEC 803(18a)(b).

In light of the court's conclusion that the evidence was not cumulative, the court was not required to consider defendant's argument under OEC 403, under which a trial court has discretion to exclude evidence if the probative value of the evidence is substantially outweighed by "needless presentation of cumulative evidence." *State v. Pratt*, 316 Or 561, 573, 853 P2d 827, *cert den*, 510 US 969 (1993) (quoting OEC 403); *see State v. Moore*, 324 Or 396, 409, 927 P2d 1073 (1996) (holding that the weighing of probative value against consideration of the cumulative nature of the evidence occurs only if it is determined that the evidence is

cumulative). However, the court did conduct OEC 403 balancing, at defendant's request, and determined that the evidence should not be excluded under OEC 403, because the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.

On appeal, defendant challenges the trial court's determination, contending that the interview was both cumulative and prejudicial and that the trial court abused its discretion under OEC 403. The state responds that evidence of the forensic interview was not cumulative and that the court therefore did not need to engage in balancing under OEC 403. The state also responds that the trial court properly balanced the probative value of the evidence against the danger of unfair prejudice and reached a permissible decision that the video of the interview was admissible. We conclude that the trial court correctly determined that the interview was not cumulative and did not abuse its discretion when it admitted the evidence.

When considering whether to exclude evidence on the basis that it is needlessly cumulative, the court engages in a two-step inquiry. *Moore*, 324 Or at 409. The court first determines whether the evidence at issue is cumulative. If the evidence is cumulative, then the court determines whether the probative value of the cumulative evidence is substantially outweighed by considerations of its cumulative nature. *Id.* "Evidence is cumulative when it demonstrates the same thing as other admitted evidence." *State v. Bradley*, 253 Or App 277, 285, 290 P3d 827 (2012). But evidence is not cumulative "when it presents qualitatively different proof than other admitted evidence." *Id.*

Defendant contends that the information in the CARES interview was cumulative, because it was the same information that G provided in her testimony and, further, that it should have been excluded under OEC 403, because the unnecessary repetition might cause the factfinder "to engage in cognitive shortcuts, accepting frequently repeated statements as true."[2] For the reasons argued by the state,

---

[2] In arguing prejudice, defendant points out that the CARES interview included statements by G that ranged beyond the charged conduct, concerning abuse by defendant for which defendant was not charged and concerning abuse

we agree with the trial court's conclusion that the CARES forensic interview was not cumulative. As the state argues, the interview gave the jury an opportunity to assess the G's demeanor and statements made close to the time to her initial disclosure of the abuse. Additionally, although many of the facts that G related in her recorded CARES interview were the same as those that she related at trial, the environments were not the same. The CARES interview occurred in a relaxed environment. The interviewer told G that he would ask her questions and that she could correct him if he got something wrong. G could draw with pens and markers during the interview. The interview was conversational and lacked the more formal, adversarial nature of a trial. The recorded interview provided the jury with an opportunity to evaluate G's probity at a time and in a context distinct from G's trial testimony. For those reasons, the CARES interview presented qualitatively different evidence than G's trial testimony, and the interview was not cumulative.

The trial court was thus not required to conduct OEC 403 balancing of the cumulative effect of the testimony, because the evidence was not cumulative under OEC 403. *See Moore*, 324 Or at 409 (concluding that, because the challenged evidence "was not cumulative of evidence already before the jury *** further inquiry under OEC 403 is unnecessary" (emphasis omitted)). As noted, the trial court nonetheless conducted OEC 403 balancing and made a record of its exercise of discretion, as required under *State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987). The trial concluded that, although prejudicial, the probative value of the CARES interview was not outweighed by the danger of any unfair prejudice. Defendant renews on appeal his argument that the interview should have been excluded under OEC 403, because it was unfairly prejudicial.

We agree with the trial court that the CARES interview had high probative value, because it contained

by G's father. Defendant did argue to the trial court that those portions of the CARES video should be excluded (or any portions). Instead, defendant's arguments focused on the entirety of the video, its cumulative nature, and that fact that a factfinder hearing the same allegations repeated would be more likely to believe the allegations. Thus, defendant did not preserve an argument challenging portions of the CARES video as inadmissible. Defendant has not requested plain error review. We thus do not reach that issue.

G's statements about the alleged offenses, as the trial court determined. Further, as explained above, the video was qualitatively different evidence than G's trial testimony, and it was thus valuable to the factfinder. The video was prejudicial, as the trial court recognized, because it was strong prosecution evidence. But it was not *unfairly* prejudicial, as the trial court also determined; at the least, the probative value was not substantially outweighed by any danger of unfair prejudice. Accordingly, we conclude that the trial court acted within its discretion when it determined the evidence was admissible under OEC 403. *See State v. Conrad*, 280 Or App 325, 332, 381 P3d 880 (2016), *rev den*, 360 Or 851 (2017) (concluding that the trial court did not abuse its discretion when it concluded that the probative value of CARES videos "was not substantially outweighed by the danger of unfair prejudice or other considerations").

Affirmed.